| | |
|---|---|
| CALVIN TYRONE NORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN TABRON, in his personal capacity and his official capacity as S.B.I. Special Agent for the Coastal District of North Carolina; BRENNAN REGNER, in his personal capacity and his official capacity as S.B.I. Special Agent for the Coastal District of North Carolina; JONATHAN DAVID aka JOHN DAVID, in his personal capacity and his official capacity as District Attorney for the 13th Prosecutorial District of North Carolina; DANIEL THURSTON, in his personal capacity and his official capacity as Assistant District Attorney for the 13th Prosecutorial District of North Carolina; LEWIS HATCHER, in his personal capacity and his official capacity as Sheriff of Columbus County, North Carolina; ROBBIE SELLERS, in his personal capacity and his official capacity as Lieutenant of Columbus Detention Center; JEFFREY ROSIER, in his personal capacity and his official capacity as Chief of Police of the Whiteville Police Department; AARON HERRING in his personal capacity and his official capacity as Sergeant Detective for the Criminal Division of the Whiteville Police Department; STEVEN STRICKLAND, in his personal capacity and his official capacity as Police Officer of the Whiteville Police Department; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the Court on motions to dismiss filed by defendants and plaintiff's motions for sanctions. The appropriate responses and replies have been filed and the motions are ripe for ruling.

BACKGROUND

Plaintiff, proceeding in this matter *pro se*, alleges that on December 5, 2013, an incident investigation report named him as a suspect related to fraud on the estate of Carlos Sutton. Plaintiff claims the incident report was false and not supported by sufficient evidence. Plaintiff alleges that a private forensic analyst was hired by the State Bureau of Investigation (SBI) who opined that a last will and testament was not signed by the decedent but he could not say who signed the document. The District Attorney's Office ultimately determined that there was insufficient evidence to charge plaintiff.

Plaintiff alleges that in October 2014 District Attorney Jon David in an email accused plaintiff of committing forgeries, noting that plaintiff always used the same notary public, and inquired as to whether the State Bureau of Investigation (SBI) could identify a case to prosecute against plaintiff. Plaintiff alleges that on April 20, 2014,[1] defendants Tabron and Regner appeared before a magistrate and misled and gave false testimony in order to obtain six felony warrants against plaintiff for forgery, obtaining property by false pretense, uttering a forgery, and exploitation of an adult with a disability. Plaintiff was arrested on April 22, 2015, and alleges that Detective Ted Dixon of the Whiteville Police Department met with plaintiff after his release and revealed that defendant Rosier was involved in the plot against plaintiff; plaintiff alleges that defendants Rosier, Herring, Strickland, David, Thurston, Hatcher, Sellers, and Regner acted out

---

[1] The warrants, attached to plaintiff's complaint, were issued on April 20, 2015. [DE 1-4].

2

of bad faith to victimize plaintiff for an improper purpose by tampering with evidence and by removing Detective Dixon's notes and other evidence favorable to plaintiff from the file. Plaintiff alleges that in June 2015 defendants Rosier, Herring, Strickland, David, Thurston, Tabron, Hatcher, Sellers, and Regner gave false testimony to a secret grand jury to cause six felonious indictments to issue. The charges against plaintiff were dismissed by Assistant District Attorney Thurston due to insufficient evidence on December 15, 2015. [DE 1-6].

Plaintiff has alleged causes of action under 42 U.S.C. § 1983 for violation of his rights under the Fourth Amendment, Fifth Amendment, Sixth Amendment, and Fourteenth Amendment to the United States Constitution, and has further alleged claims under North Carolina law for prosecutorial misconduct, defamation, slander, slander per se, libel, and infliction of emotional distress. Plaintiff seeks damages to exceed $10 million. Defendants have each moved to dismiss, separately arguing that the Court lacks subject matter and personal jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1); 12(b)(2); 12(b)(6). Defendants have further raised immunity defenses, including absolute prosecutorial immunity, qualified immunity, and public official immunity.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this

end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inference in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Because plaintiff is proceeding *pro se*, his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

4

(quotation omitted). This does not, "however, . . . dispense with the requirement that a pleading contain more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008)(internal quotation and citation omitted).

I. MOTION TO DISMISS BY DAVID AND THURSTON

District Attorney Jonathan David and Assistant District Attorney Daniel Thurston have moved to dismiss plaintiff's complaint, arguing that the Eleventh Amendment bars any damages action against them as acting in their official capacities and that absolute prosecutorial immunity and qualified immunity further shield them from suit for claims against them in their individual capacities. The Court agrees.

"The Eleventh Amendment bars suit against non-consenting states by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). State officials sued in their official capacity for damages are also protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). Claims against North Carolina district attorneys in their official capacities are plainly claims against state officials and are barred by the Eleventh Amendment. *See Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006).

Insofar as plaintiff has alleged claims against defendants David and Thurston in their individual capacities, such claims are barred by absolute prosecutorial immunity. *Id.* "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also State ex rel. Jacobs v. Sherard*, 36 N.C. App. 60, 65 (1978). Plaintiff's claims specifically related to defendants David and Thurston concern their investigation of the sufficiency of evidence, their presentation during grand jury proceedings, and plaintiff's right to a speedy trial. [DE 1 ¶¶ 29,

5

42, 100]. These actions are protected by absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) ("presentation of false testimony in court is a charge for which the prosecutor is afforded absolute immunity."); *Smith v. McCarthy*, 349 Fed. App'x 851, 859 (4th Cir. 2009) (conspiring with police officers to present false testimony protected by absolute prosecutorial immunity); *Barefoot v. Goulian*, No. 5:08-CT-3162-D, 2010 WL 2696760, at *5 (E.D.N.C. July 7, 2010) (prosecutor absolutely immune from Sixth Amendment speedy trial claim). David and Thurston's actions regarding any alleged exculpatory evidence is further protected by absolute immunity. [DE 1 ¶ 75]; *Burns v. Reed*, 500 U.S. 478, 486 (1991). David and Thurston's actions are also protected where plaintiff has alleged that the decision to charge him was based "on conduct by the defendant that is, strictly speaking, not the prosecutor's business." *Doe v. Phillips*, 81 F.3d 1204, 1213 (2d Cir. 1996).

Plaintiff has further alleged that defendants David and Thurston along with others tampered with evidence and became the investigators prior to the empaneling of the grand jury. *Id.* ¶¶ 72, 74. Taking such allegations as true as the Court must at this stage of the proceedings, defendants David and Thurston would not be protected by absolute immunity for these actions. *See Buckley*, 50 U.S. at 273 (where prosecutor takes on role of detective or police officer, including searching for clues that might give him probable cause, he is not protected by absolute immunity); *Willis v. Blevins*, 957 F. Supp. 2d 690, 699 (E.D. Va. 2013) (absolute immunity does not extend where prosecutor knowingly conspired with police to manufacture evidence). Rather, David and Thurston must demonstrate they are entitled to qualified immunity.

The privilege of qualified immunity protects government officials from liability so long as they could reasonably believe that their conduct does not violate clearly established law.

6

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). There is a two-step procedure for determining whether qualified immunity applies which "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010).

Plaintiff has offered no more than bare assertions that defendants David and Thurston engaged in any investigation not part of their normal course of duties or tampered with any evidence. *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000) (a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments."). Because plaintiff has not alleged sufficient facts which would support a finding that a constitutional violation occurred, defendants David and Thurston are entitled to qualified immunity on plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment claims where absolute immunity does not apply. For the same reason, David and Thurston are further entitled to public official immunity, which protects public officials "from personal liability for their discretionary acts done without corruption or malice," *Schlossberg v. Goins*, 141 N.C. App. 436, 445 (2000), on plaintiff's state law claims for prosecutorial misconduct, defamation, slander, slander per se, libel, and infliction of emotional distress. Plaintiff's allegations that defendants David and Thurston acted with malice or corruption are conclusory and unsupported, and therefore cannot form the basis for a claim and are insufficient to overcome the immunity afforded to public officers. Alternatively, in light of the appropriateness of dismissal of the federal claims against these defendants, the Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

Plaintiff's claims against defendants David and Thurston are therefore dismissed.

7

Case 7:16-cv-00056-BO    Document 51    Filed 10/06/16    Page 7 of 15

II. MOTION TO DISMISS BY HATCHER AND SELLERS

Defendants Columbus County Sheriff Hatcher and Lieutenant Sellers have moved to dismiss plaintiff's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The specific factual allegations against Hatcher and Sellers are that plaintiff was taken to the Columbus County Detention Center controlled by Hatcher and Sellers; that Hatcher and Sellers were inside the jail, processed plaintiff, and ordered him to put on an orange jumpsuit and take a mug shot; that Hatcher and Sellers sent the mug shot photo with false allegations of the charges to various internet and media outlets; that Hatcher and Sellers controlled the mobile patrol and mug shot information; that Hatcher and Sellers were present alongside the Whiteville Police Department defendants and failed to advise plaintiff of his *Miranda* rights; that Hatcher, Sellers and others had a duty to inquire whether the arrest warrant was valid prior to confining plaintiff; and that Hatcher and Sellers confined plaintiff behind steel doors without plaintiff's will and with an invalid warrant that should not have been issued. [DE 1 ¶¶ 58, 63-68].

Being processed into a county detention center and held in a secure facility behind steel doors does not, without more, state a claim for a constitutional violation. *See, e.g., Atwater v. City of Lago Vista*, 532 U.S. 318, 355 (2001) (inconvenient and embarrassing arrest and booking does not state Fourth Amendment claim); *see also Bell v. Wolfish*, 441 U.S. 520, 534 (1979) ("Government may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt."). Plaintiff's allegation that Hatcher and Sellers had a duty to inquire whether the arrest warrants were valid also fails to state a claim. Plaintiff does not allege that the arrest warrants were facially invalid, and thus it was the Columbus County Sheriff's duty to comply with the warrants. *See State v. Harvey*, 281 N.C. 1, 10 (1972) (valid arrest warrant requires execution by officer without delay, even where basis for warrant is later found to be

8

infirm). The failure to read a detainee the *Miranda* warning does not violate the suspect's constitutional rights and therefore cannot be grounds for a § 1983 claim. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

Finally, plaintiff's claim concerning the alleged release of his mug shot and arrest information fails to state a plausible claim for relief. North Carolina provides that the name, sex, age, address, employment, and alleged violation of law of an arrestee are matters of public record. N.C. Gen. Stat. § 132-1.4(c)(2); *see also Gannett Pac. Corp. v. N. Carolina State Bureau of Investigation*, 164 N.C. App. 154, 159 (2004) (news organizations entitled to all public records related to criminal matter which are not otherwise exempt from public record law); *see also Paul v. Davis*, 424 U.S. 693, 712 (1976) (circulation by police of photograph identifying plaintiff as an active shoplifter does not result in deprivation of liberty or property interest).

Plaintiff's remaining allegations against Hatcher and Sellers have been alleged as against most or all defendants, and although plaintiff has named each individual defendant in the allegation, the factual assertions against Hatcher and Sellers are conclusory and vague and therefore fail to state a claim. *See, e.g., Iqbal*, 556 U.S. at 663 (because § 1983 does not provide for vicarious liability, plaintiff "must plead that each Government-official defendant, through his own individual actions, has violated the Constitution."); *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008) (conclusory allegations that name defendants generically fail to state a claim); *Fox v. City of Greensboro*, 807 F. Supp. 2d 476, 497 (M.D.N.C. 2011) (plaintiff may not assert that all defendants somehow committed constitutional violations and demand discovery to determine whether and how violations were committed).

Plaintiff has therefore failed to state a plausible claim for relief against defendants Hatcher and Sellers and their motion to dismiss is granted.

III. MOTION TO DISMISS BY DEFENDANTS ROSIER, HERRING, AND STRICKLAND

Whiteville Police Chief Rosier, Sergeant Herring, and Officer Strickland move to dismiss each of plaintiff's claims, arguing that plaintiff has failed to state a plausible claim for relief. Again, the Court agrees.

The specific factual allegations against these defendants involve Rosier's alleged vendetta against plaintiff for filing a civil suit against him; that Rosier or his subordinate contacted the District Attorney's office after Detective Tedd Dixon refused to charge plaintiff; that Rosier, Herring, and Strickland gave oral reckless testimonies in disregard of the truth to a secret grand jury; that Strickland, Herring, and an unknown police officer detained plaintiff, interrogated him, and failed to warn plaintiff of his *Miranda* rights; that Rosier, Strickland, and Herring did not have warrants for plaintiff's arrest in their control at the time of plaintiff's arrest; and that while waiting at the jail Herring questioned plaintiff about content on a radio show during his candidacy for Columbus County Sheriff. [DE 1 ¶¶ 26, 28, 42, 50-53, 58, 61]. Rosier, Herring, and Strickland are further identified along with other defendants in more general allegations of evidence tampering and suppression, presentation of false affidavits to the magistrate, and lack of justification or legitimate purpose in investigating and indicting plaintiff.

Plaintiff's first claim is for unreasonable seizure in violation of the Fourth Amendment, which the Court reads to encompass a claim for what may otherwise be termed malicious prosecution. *Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014). Such claim requires that the defendant have seized the plaintiff pursuant to legal process which was not supported by probable cause and that the criminal proceedings ultimately terminated in plaintiff's favor. *Id.* Here, plaintiff has alleged and has attached as exhibits to his complaint the arrest warrants under which he was seized as well as the prosecutor's dismissal of the charges against him. [DE 1-4;

10

1-6]. Also attached to plaintiff's complaint are the grand jury's indictments, [DE 1-5], which if fair on their face "conclusively determine[] the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012).

While "a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information that influenced the decision," *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal alterations, quotations, and citations omitted), plaintiff has alleged only in sweeping, conclusory terms that Rosier, Herring, or Strickland testified untruthfully to the grand jury or presented material misstatements to the neutral magistrate. Although plaintiff's complaint makes ample reference to what can best be described as a conspiracy between all defendants to charge, arrest, and convict plaintiff of crimes he did not commit, his complaint lacks specific factual allegations which would make his claims against these defendants plausible.

Plaintiff's Fifth and Fourteenth Amendment due process claims against Rosier, Herring, and Strickland must also be dismissed. Due process protects against the deprivation of liberty as a result of the fabrication of evidence by a government official acting in an investigatory capacity. *Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005) (citation omitted). "Fabrication of evidence alone is insufficient to state a claim for a due process violation; a plaintiff must plead adequate facts to establish that the loss of liberty—i.e., his conviction and subsequent incarceration—resulted from the fabrication." *Massey*, 759 F.3d at 354. The charges against plaintiff were dismissed, and thus no conviction was obtained and plaintiff cannot satisfy the requirements for pleading a due process claim in this context. Moreover, plaintiff's complaint fails to identify any specifically fabricated statements or evidence that were proffered by Rosier, Herring, or Strickland.

11

Plaintiff has further not stated a plausible claim for relief as against these defendants for violations of his Sixth Amendment right to a speedy trial. Although plaintiff alleges that all defendants played a part in delaying the progress of his case, plaintiff's charges were dismissed prior to trial and he has not specifically alleged how Rosier, Herring, or Strickland acted to delay the proceedings. *See also Barker v. Wingo*, 407 U.S. 514, 522 (1972) (dismissal of charges only possible remedy for Sixth Amendment speedy trial violation).

As plaintiff has failed to state a constitutional claim against these defendants, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against them. 28 U.S.C. § 1367(c)(3). Plaintiff's complaint against Rosier, Herring, and Strickland is therefore dismissed.

## IV. MOTION TO DISMISS BY TABRON AND REGNER

Defendants Tabron and Regner, employees of the State Bureau of Investigation (SBI), are alleged to have participated in the investigation of plaintiff and appeared before the magistrate to obtain arrest warrants for plaintiff. [DE 1 ¶¶ 31, 37]; *see also* [DE 1-4] (Tabron and Regner appear as complainant and witness on arrest warrants for plaintiff). Tabron and Regner have moved to dismiss plaintiff's complaint for lack of subject matter and personal jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1); 12(b)(2); 12(b)(6).

As discussed above, the allegations against Tabron and Regner in their official capacities are barred by the Eleventh Amendment. *See Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003); *see also Green v. N. Carolina State Bureau of Investigation Crime Lab*, No. 3:11CV69-GCM, 2011 WL 4074613, at *2 (W.D.N.C. Sept. 13, 2011) (SBI an arm of the State for Eleventh Amendment purposes).

12

Plaintiff has further alleged claims against Tabron and Regner in their individual capacities. Plaintiff has specifically alleged that Tabron and Regner initially and intentionally lied, misled, and acted in reckless disregard of the truth to persuade a neutral magistrate to issue warrants. [DE 1 ¶¶ 37, 85]. As noted above, an unlawful seizure claim requires that the defendant have seized the plaintiff pursuant to legal process which was not supported by probable cause and that the criminal proceedings ultimately terminated in the plaintiff's favor. Plaintiff has sufficiently alleged that he was seized and that the proceedings were ultimately terminated in his favor. Plaintiff has further alleged that the seizure was not supported by probable cause.

> [W]hile intervening acts of other participants in the criminal justice system, such as an exercise of prosecutorial discretion or the return of an indictment, generally insulate a police officer from liability, officers may be liable to a wrongfully indicted defendant when they have, e.g., lied to or misled the prosecutor.

*Massey*, 759 F.3d at 357 (internal quotation and citation omitted). In order to impose liability, however, the alleged false statements by Tabron and Regner must have material, that is, necessary to a finding of probable cause. *Id.* Taking plaintiff's allegations as true, the Court finds that plaintiff has made a sufficient allegation of an unlawful seizure as a result of misconduct to go forward at this stage. The Court expressly reserves its ruling on whether Tabron and Regner are entitled to qualified immunity.

Plaintiff's remaining claims against these defendants in their individual capacities will, however, be dismissed. As noted in previous sections, plaintiff has included sweeping allegations against all defendants which are insufficient to state a claim. As to Tabron and Regner, plaintiff has not alleged how these defendants individually violated his Fifth, Sixth, or Fourteenth Amendment rights. Plaintiff has further failed to sufficiently state his state law

13

claims for defamation, slander, slander per se, libel, and infliction of emotional distress.[2] The allegations in the complaint fail to identify with any specificity how Tabron and Regner acted to defame plaintiff or inflict emotional distress. As discussed above, the fact of plaintiff's arrest and charges are a part of the public record under North Carolina law, and plaintiff has not alleged that Tabron or Regner played any part in publishing or making any statements about plaintiff. As to plaintiff's emotion distress claim, he has failed to allege that he suffers from any severe emotional distress which is the proximate result of defendants' conduct. *McAllister v. Ha*, 347 N.C. 638, 645 (1998). Plaintiff's conclusory statements are insufficient to state a claim and are therefore appropriately dismissed. *See Bryson*, 534 F.3d at 1290.

V. MOTION FOR SANCTIONS

Plaintiff has moved for Fed. R. Civ. P. 11 sanctions against Special Deputy Attorney David Adinolfi who has entered an appearance on behalf of defendants David and Thurston in this matter. Plaintiff argues that the motion to dismiss filed on behalf of defendants David and Thurston was made in bad faith and presented for an improper purpose. Plaintiff's motion for sanctions is nothing more than a further response to the motion to dismiss and it is properly denied.

CONCLUSION

For the foregoing reasons, the motions to dismiss filed by defendants David and Thurston [DE 8]; Hatcher and Sellers [DE 16]; and Rosier, Herring and Strickland [DE 32] are GRANTED. Plaintiff's claims against these defendants are DISMISSED. The motion to dismiss by defendants Tabron and Regner [DE 37] is GRANTED IN PART and DENIED IN PART. Plaintiff's claim against Tabron and Regner for unreasonable or unlawful seizure and

---

[2] Plaintiff's claim for prosecutorial misconduct is alleged only as against defendants David and Thurston.

14

malicious prosecution under the Fourth Amendment may proceed at this time. The remaining claims against them are dismissed. Plaintiff's motion for sanctions [DE 43] is DENIED.

SO ORDERED, this __4__ day of October, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

15

Case 7:16-cv-00056-BO   Document 51   Filed 10/06/16   Page 15 of 15